# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JASON KELLEY** | ) | CASE NO. |
| 1545 Mallard Circle West | ) | |
| Newark, Ohio 43055 | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| -vs- | ) | |
| | ) | |
| **NEW DAY FARMS, LLC** | ) | |
| National Registered Agents, Inc. | ) | **PLAINTIFF'S COMPLAINT** |
| 4400 Easton Commons Way | ) | |
| Suite 125 | ) | |
| Columbus, Ohio 43219 | ) | |
| | ) | **(JURY DEMAND ENDORSED** |
| Defendant. | ) | **HEREON)** |
| | ) | |

## PARTIES

1. Plaintiff Jason Kelley hereinafter referred to as ("Plaintiff") is a citizen of the United States and resides in Licking County, State of Ohio.

2. Defendant New Day Farms LLC, hereinafter referred to as ("Defendant") is a foreign limited liability company with its principal place of business located at 9300 Croton Road, Johnstown, Ohio 43031.

## JURISDICTION AND VENUE

3. Plaintiff has alleged two causes of action pursuant to the Family Medical and Leave Act ("FMLA") 29 U.S.C. 2611, *et seq.,* and 29 CFR 825.22 and, therefore, this Court has federal question jurisdiction pursuant to Title 28, Section 1331 of the United States Code.

4. Venue is proper pursuant to Title 28, Section 1391(b)(2) of the United States Code as the acts and/or omissions outlined in the claims alleged below occurred within the

jurisdiction of this Court.

## FACTUAL BACKGROUND

5. Defendant is a liquid egg producer that also deals in corn, soybeans, and other grains and farming commodities.

6. Defendant is a subsidiary of Daybreak Foods.

7. On or around July 8, 2019, Defendant hired Plaintiff as a Production Supervisor.

8. During his employment, Plaintiff was promoted to the position of Assistant Production Manager.

9. As an Assistant Production Manager, Plaintiff was responsible for managing thirty (30) employees and overseeing 2.5 million chickens.

10. As the Assistant Production Manager, Plaintiff reported to Regional Production Manager Richard Kulow ("Kulow").

11. Plaintiff has a pre-existing back condition and has had a previous laminectomy which is a decompression surgery which enlarges the spinal canal to relieve pressure on the spinal cord or nerves.

12. On or around August 13, 2020, Plaintiff aggravated his back condition and was diagnosed with a collapsed disc in his back.

13. As a result, Plaintiff sought medical leave under the Family Medical Leave Act ("FMLA").

14. Plaintiff was approved for leave which was to be from August 13, 2020, through September 28, 2020.

15. On or around September 24, 2020, while still on leave, Plaintiff received a call from human resources and advised that the Defendant was "moving on" and he was being terminated.

## **FIRST CAUSE OF ACTION**
(FMLA Interference)

16. Plaintiff incorporates by reference paragraphs 1-15 as if fully realleged herein.

17. Defendant employs more than fifty (50) employees.

18. Plaintiff is an "eligible employee" as that term is defined by 29 U.S.C. Section 2611(A)(2) in that Plaintiff worked more than 1,250 hours the previous twelve months.

19. Defendant is an employer as that term is defined by 29 U.S.C. Section 2611(4)(A).

20. Plaintiff was entitled to leave for his own "serious health condition" as that term is defined within 29 U.S.C. Section 2611(11) and (12).

21. Plaintiff provided Defendant notice of his need for leave pursuant to 29 U.S.C. Section 2612(e).

22. Defendant violated 29 U.S.C. Section 2612, 2614, and 2615 and 29 CFR 825.22 by terminating his employment.

23. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering and the loss of salary, benefits and other privileges and conditions of employment, for which Defendant is liable.

24. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, liquidated damages, attorney's fees and costs any other just an equitable remedy available to Plaintiff pursuant to 29 U.S.C. Section 2617(a).

## SECOND CAUSE OF ACTION
(FMLA Retaliation)

25. Plaintiff incorporates by reference paragraphs 1-24 as if fully realleged herein.

26. On or around August 13, 2020, Plaintiff informed Defendant of his need for FMLA leave to address his serious health condition.

27. Defendant knew of Plaintiff's intent to take FMLA leave.

28. On or around September 24, 2020, and while on approved medical leave, Defendant terminated Plaintiff's employment.

29. Defendant violated 29 U.S.C. Section 2612, 2614, and 2615 and 29 CFR 825.22 when it retaliated against Plaintiff for requesting and/or taking FMLA leave by terminating his employment.

30. Defendant's decision to retaliate against Plaintiff violates 29 U.S.C. Section 2615(1) and 29 CFR 825.22.

31. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering and the loss of salary, benefits and other privileges and conditions of employment, for which Defendant is liable.

32. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages reasonable attorneys' fees and costs any other just an equitable remedy available to Plaintiff pursuant to 29 U.S.C. Section 2617(a).

## **CONCLUSION**

**WHEREFORE,** Plaintiff Jason Kelley states that he seeks an amount in excess of $75,000 to fully, fairly, and justly compensate him for injury, damage and loss, and respectfully pray that this Court enter judgment in his favor and award him economic compensatory damages, back wages, interest, fringe benefits, witness fees and fees for experts, consequential damages, incidental damages, liquidated damages, all costs and reasonable attorneys' fees, and grant such additional or alternative relief as the Court may determine to be just and equitable.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/ David A. Young*
DAVID A. YOUNG (0065551)
The Law Firm of David A. Young, LLC
The Hoyt Block Building
700 W. St. Clair Avenue, Ste. 316
Cleveland, Ohio 44113
PHONE (216) 621-5100
FAX (216) 621-7810
EMAIL: dyoung@davidyounglaw.com

Attorney for Plaintiff